Alvarez et al., Recurrentes, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando en parte la anotación de un aviso de demanda.

No. 287.—Resuelto en julio 26, 1916.

Anotación de Demanda—Nulidad de Hipoteca—Inscripción a Favor de Persona Distinta de los Demandados—Fallecimiento del Causante.—No puede denegarse la anotación de un aviso de demanda para que se declare la nulidad de una hipoteca porque ésta se encuentre inscrita a favor de persona distinta de los demandados, cuando se alega que tal persona ha fallecido y la demanda se interpone contra su heredero y su albacea testamentario.

Id.—Nulidad de Escrituras—Deber del Registrador.—Cuando la acción ejercitada afecta al título de un inmueble como en el presente caso en que se solicita la nulidad de varias escrituras referentes todas a cierto solar inscrito en el registro, el registrador debe, de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil (véase texto inglés), proceder a la anotación de la demanda en todas aquellas inscripciones de dicho inmueble verificadas en los libros a su cargo que indique el demandante y que guarden relación con los hechos expuestos en la demanda, sin detenerse a considerar y resolver si tiene o no razón el demandante, función esta última que corresponde a la corte de justicia competente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. S. Abella Bastón.*

El registrador recurrido, Sr. José S. Belaval, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Antonio Alvarez Araoz, Antonio Alvarez González y Angel Alvarez Araoz entablaron una demanda en la Corte de Distrito de San Juan contra Carmen Gutiérrez Gómez y otros, sobre "nulidad de ventas y del derecho de hipoteca y cancelación de inscripciones en el registro de la propiedad e indemnización de perjuicios."

Archivada la demanda, los demandantes pidieron, de conformidad con el artículo 91 del Código de Enjuiciamiento Civil, que se anotara en el registro de la propiedad de San

Juan, Sección 1.ª, y el registrador la anotó en efecto con respecto a ciertas inscripciones de la finca a que se refería y la negó con respecto a otras, tal como aparece de la siguiente nota contra la cual, en cuanto les es adversa, interpusieron los referidos demandantes el presente recurso gubernativo.

La nota dice:

"Puestas notas del precedente aviso de demanda con vista de otros documentos, en cuanto a la constitución de hipoteca a favor de Don Andrés Crosas y su aportación a la mercantil 'Andrés Crosas Sucesores S. en C.,' al margen de las inscripciones 1ª. y 3ª. de la finca número 110, folios 113 y 115 vto., tomo 4 de Puerta de Tierra; denedada la anotación de dicho aviso en cuanto a la cesión del mismo derecho a Don Generoso Candina Izaguirre por resultar inscrito a favor de dicho señor, persona distinta de la demandada Doña Anselma Izaguirre, extendiéndose en su lugar nota preventiva por el término legal al margen de la inscripción 4ª., finca citada, folio 116 del tomo 4º.; y denegada también la anotación en cuanto a la propiedad de la finca, porque estando las inscripciones cuya nulidad se pide hechas a favor de los mismos demandantes Don Antonio Alvarez Araoz y Don Antonio Alvarez González, resulta ineficaz y sin objeto dicha anotación, y se ha extendido nota por el término legal al margen de las inscripciones 1ª. y 2ª. de aquella finca a los folios 113 y 114 vto. tomo 4º. San Juan, P. R., 21 de junio de 1916."

1. Si bien la demanda no se entabló contra Generoso Candina a favor de quien aparece inscrita la hipoteca constituída sobre la finca a que la misma se refiere, es lo cierto que en ella se alega que Candina murió, razón por la cual se siguió el pleito contra Anselma Izaguirre Leguine, su heredera y Pedro Castaños, su albacea.

2. La segunda negativa del registrador es confusa y confuso también el alegato del abogado de los recurrentes sobre tal extremo. A nuestro juicio toda la cuestión envuelta se resuelve fijando bien la naturaleza de la acción ejercitada por los demandantes y el alcance del precepto legal invocado por los mismos.

Esta Corte Suprema recientemente en el caso de *Manri-*

*que de Lara* v. *El Registrador de San Germán,* 23 D. P. R. 864, tuvo oportunidad de interpretar el indicado precepto legal, o sea el artículo 91 del Código de Enjuiciamiento Civil que, traducido correctamente al castellano de su original inglés, es como sigue:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción * * *."

¿Afecta o no la acción ejercitada al título de un inmueble? Sin duda alguna. Basta leer la demanda que se acompañó a la solicitud dirigida al registrador, para concluir que está envuelta la nulidad de varias escrituras referentes todas a cierto solar ubicado en el barrio de Puerta de Tierra de esta ciudad de San Juan. Y siendo ello así el registrador debe, de acuerdo con la ley, proceder a la anotación de la demanda en todas aquellas inscripciones de la finca en cuestión verificadas en los libros a su cargo que indiquen los demandantes y que guardan relación con los hechos alegados en la demanda, sin detenerse a considerar y a resolver si tienen o no razón los demandantes, función esta última que corresponde a la corte de justicia competente.

Debe revocarse la nota recurrida y ordenarse al registrador que proceda a hacer las anotaciones solicitadas.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.