Francisca Sosa Fernández, peticionaria, *v.* La Corte de Distrito de San Juan, Hon. Miguel A. Muñoz, Juez, demandado.

No. 549.—*Visto:* Enero 24, 1927. *Resuelto:* Marzo 24, 1927.

"Lis Pendens"—Acciones que Afectan al Título o Derecho de Posesión de Propiedad Inmueble—En General.—Cuando fallecido un cónyuge, el supérstite no liquida los gananciales y los bienes muebles privativos del causante, y éstos los sustituye por inmuebles adquiridos durante su viudez, la acción contra dicho cónyuge para que se declare que los bienes—descritos en la demanda—pertenecen a la sucesión en común proindiviso y en la proporción de ley y que así se inscriban en el registro es una que afecta al título o derecho de posesión de dichos bienes y a la que le es aplicable el artículo 91 del Código de Enjuiciamiento Civil.

Certiorari para revisar orden de *Miguel A. Muñoz,* J. (San Juan), sobre cancelación de aviso litigioso en el registro de la propiedad. *Anulada la orden.*

*Juan B. Soto,* abogado de la peticionaria; *Luis Campillo,* abogado del demandado en el pleito principal.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Francisca Sosa Fernández inició contra su padre José Sosa Oliva una demanda en la que, en síntesis, alega: que es hija legítima del demandado y de Ramona Fernández Betancourt; que esta última falleció ab intestato, dejando por sus únicos y universales herederos a la demandante y

otro hijo nombrado José Sosa Oliva, habidos en su matrimonio con el demandado, según así fué declarado por resolución judicial; que al tiempo de morir Ramona Fernández Betancourt existían bienes pertenecientes a la sociedad de gananciales, montantes aproximadamente a la suma de $50,000, consistentes en muebles y semovientes; que al contraer matrimonio Ramona Fernández con el demandado, le fué entregada a ella por su padre Francisco Fernández López, en concepto de dote, la cantidad de $3,000 provinciales; que asimismo, al morir dicho Francisco Fernández López, dejó en su testamento a su hija, madre de la demandante, la cantidad de $16,676 provinciales, que unidos a la anterior suma hacen un equivalente en moneda americana de $13,579.54, cuya cantidad al tiempo del fallecimiento de Ramona Fernández constituían bienes privativos de ésta y se hallaban en posesión del demandado; que este último, con el propósito de privar de su herencia materna a los herederos de la finada Ramona Fernández, realizó después del fallecimiento de su esposa, todos los bienes propiedad de la misma, así como los de la sociedad de gananciales, apropiándose el producto de los mismos y con los cuales el demandado ha adquirido varios inmuebles que se describen en la demanda, inscribiéndolos a su nombre en el registro de la propiedad sin hacer constar en forma alguna el interés que sobre los mismos tiene la sucesión de Ramona Fernández; y que por último, el demandado se ha negado a hacer la partición de tales bienes, rehusando entregarlos al administrador judicial que fué nombrado por resolución de marzo 9, 1923.

La demanda fué anotada en el registro, siguiéndose la disposición del artículo 91 del Código de Enjuiciamiento Civil, y el demandado solicitó de la corte inferior se cancelara la anotación, alegando que no afectando la acción al título o al derecho de posesión de los inmuebles descritos, aquella disposición no es aplicable. La corte inferior sos-

tuvo al demandado, ordenando por resolución de diciembre 21, 1926, la cancelación del aviso litigioso en el registro, y contra esta resolución es que se ha interpuesto el presente *certiorari.*

El artículo 91 del Código de Enjuiciamiento Civil, tal como se corrigió su traducción al español en el caso de *Alvarez et al.* v. *El Registrador,* 24 D.P.R. 429, dice como sigue:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción. . . ."

Para la aplicación de esta disposición tenemos que atender a los términos de la demanda y tenerlos como ciertos. De ella se desprende que habiendo fallecido Ramona Fernández Betancourt en marzo 3, 1907, dejando dos hijos de su matrimonio con el demandado, desde entonces han transcurrido diez y nueve años a la fecha de la interposición de la demanda, y el demandado no sólo ha dejado de liquidar los bienes gananciales de la sociedad conyugal y los privativos de la causante, sino que tales bienes consistentes en muebles, entre éstos semovientes y dinero, los ha substituído por inmuebles que el demandado ha adquirido durante su viudez. Una administración judicial parece haberse establecido al efecto para tal liquidación y en la que necesariamente el carácter de los bienes tiene que dejarse establecido como base fundamental para su división y adjudicación entre los interesados. Y el presente pleito tiende a determinar el carácter que puedan tener los bienes inmuebles, si es que realmente ha existido la substitución. De ahí

es que en la súplica de la demanda lo que se pide es lo siguiente:

"Por tanto, a esta Honorable Corte suplica la demandante, se sirva dictar sentencia declarando:

"Primero: que los bienes descritos bajo el párrafo sexto de esta demanda corresponden en común pro indiviso a la Sucesión de Ramona Fernández Betancourt, compuesta de la demandante, Francisca Sosa Fernández, su hermano, José Sosa Fernández, y el demandado José Sosa Oliva, en la mitad de gananciales que determina la ley.

"Segundo: que se cancelen las inscripciones de dichas fincas que se han hecho en el Registro de la Propiedad a favor del demandado, José Sosa Oliva, y, en su lugar, se inscriban dichas fincas en común pro indiviso, a favor de la Sucesión de dicha Ramona Fernández Betancourt, y a favor del demandado, José Sosa Oliva.

"Tercero: que dichas fincas sean entregadas al Sr. Justino del Valle, administrador judicial de los bienes dejados a su fallecimiento por la susodicha causante Ramona Fernández Betancourt, para que se encargue de la administración, conservación y custodia de tales bienes, a los fines y en la forma que determina la ley de Procedimientos Legales Especiales."

Es regla bien conocida que en el matrimonio en que rige la sociedad de gananciales, muerto uno de los cónyuges, la capacidad civil del consorte sobreviviente queda modificada y él no puede disponer de los bienes gananciales sin el consentimiento de los demás herederos. Esto es porque con el fallecimiento del marido o de la mujer, la sociedad de gananciales queda disuelta y sólo quedan, mientras no se liquide, coherederos o condueños del acervo común. Puede ocurrir, como se alega en este caso, que desde la fecha de la disolución por muerte de uno de los esposos hasta la de la liquidación, los bienes en poder del viudo o viuda puedan experimentar variaciones o la substitución de unos por otros. Desde luego que esto no puede tener lugar tratándose de inmuebles que si están inscritos, existe por la ley el aviso a terceros, y si no lo están, la naturaleza de su propia inmutabilidad no les hace desaparecer y los interesados o herederos están siempre garantizados. En cuanto a bienes

muebles la cuestión ya varía.  Su mutabilidad puede hacer desaparecer su origen.  Durante el matrimonio la ley admite la substitución y subrogación de bienes.  Los bienes privativos de la mujer o del marido pueden ser substituídos por otros, y estos últimos conservan tal carácter mientras el origen de su adquisición se demuestra claramente.

La cuestión, por consiguiente, envuelta en el pleito principal es determinar en el fondo si la teoría que rige durante el matrimonio puede aplicarse después de su disolución y mientras no se liquide la sociedad de gananciales, y que la substitución pueda aprovechar a los herederos en la proporción que a ellos finalmente corresponda.  No creemos que sea éste el momento de determinar tal cuestión, pero dadas las alegaciones, la reclamación afecta al título de los inmuebles descritos en la demanda.  Y no se puede decir, cómo ha tratado de sostenerse por el demandado, que la acción de la demandante es una en cobro de dinero, como lo sería un pagaré o una deuda corriente.  Esto tendría el efecto de una petición de principio.  La reclamación dependería, y ésta sería una defensa del demandado, de la liquidación de un capital hereditario, comprensivo de un conjunto de bienes, y habría que acudir a lo que está haciendo la demandante, o sea, a una administración judicial para liquidar y dividir dichos bienes, siguiendo los trámites de la ley de procedimientos legales especiales, establecida para esos fines y aprobada en marzo 9, 1905.

*Por todo lo expuesto, debe anularse la orden de la corte inferior de diciembre 21, 1926, por la que ordenaba la cancelación de la anotación de la demanda.*