Ernesto Fernando Schlüter, Recurrente, v. El Registrador
de Guayama, Recurrido.

No. 670.—*Sometido:* Febrero 3, 1927. *Resuelto:* Marzo 28, 1927.

1. "Lis Pendens"—Acciones que Afectan al Título o Derecho de Posesión
de Propiedad Inmueble—Acción Ordinaria de Ejecución de Hipoteca.—
Una acción para la ejecución de una hipoteca está dentro del espíritu del
artículo 91 del Código de Enjuiciamiento Civil.

2. "Lis Pendens"—Aviso de Demanda o "Lis Pendens"—Anotación en el
Registro—Demanda en Acción Ordinaria de Ejecución de Hipoteca.—
Procede anotar aviso de *lis pendens* de una acción ordinaria de ejecución de
hipoteca.

Nota de *R. B. Pérez Mercado*, R. (Guayama), denegando inscripción
de aviso de *lis pendens*. *Revocada.*

E. *Campos del Toro*, abogado del recurrente; el Registrador recu-
rrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del
tribunal.

[1, 2] El artículo 91 del Código de Enjuiciamiento Civil
autoriza y dispone la inscripción en el registro de la propie-
dad de un aviso de *lis pendens* en acciones que "afecten al
título o al derecho de posesión de una propiedad inmueble."

En el presente caso el registrador se negó a inscribir un
aviso de estar pendiente una acción ordinaria de ejecución
de hipoteca, fundándose en la teoría de que el artículo en
cuestión se refiere a acciones reivindicatorias solamente.

En una carta al recurrente explicativa de la resolución
de que ahora se queja dicho recurrente, el registrador dice
que el artículo en cuestión "quizás pueda extenderse a ca-
sos en que se litiga la pertenencia de algún derecho real,
pero nunca a acciones sobre cobro de pesos aunque proce-
dan de hipotecas."

En un alegato presentado algo tardíamente, la misma teo-
ría se discute más ampliamente, en la siguiente forma:

."La acción sobre ejecución de hipoteca es una acción *in rem*
y por tanto afecta la propiedad hipotecada. Pero de esto no puede
concluirse que la acción afecte también al título de la propiedad.
La contingencia de que por efecto de la acción el título puede ser

traspasado, no quiere decir que el mismo ha de ser afectado. Sostener que porque la acción que se ejercita sea de carácter real y pueda traer como consecuencia un cambio del título, es anotable de acuerdo con el artículo 91 citado, equivale a sostener, por analogía, que una demanda ordinaria sobre cobro de pesos, luego que se practica embargo para aseguramiento de sentencia, es también anotable por el hecho de que después del embargo la acción participa de la índole de real en tanto en cuanto afecta los bienes embargados y puede producir un cambio de título en los mismos. Y, desde luego, esta última proposición es, sin duda, insostenible, so pena de que hagamos la ley demasiado elástica.

"La cita de la opinión disidente en el caso de *Jordán* v. *Gómez,* 18:166, también nos favorece, pues en ella se equipara el aviso de demanda 'a la anotación preventiva sobre demanda de propiedad de bien inmueble o derecho real a que se refiere el inciso 1o. del Art. 42 de la Ley Hipotecaria.' Esta analogía es la que nos lleva a exigir como condición para anotar marginalmente una demanda, de acuerdo con el artículo 91 que interpretamos, que la acción verse sobre título de propiedad inmueble o derecho real."

Dicha conclusión no es inconsistente con el texto español del artículo 91, *supra,* pero es contraria a la doctrina sentada en el caso de *Manrique de Lara* v. *Registrador,* 23 D. P.R. 864, en que la corte discutió la discrepancia existente entre el texto original en inglés y la traducción del mismo al castellano y sostuvo que debía regir el primero.

El registrador no discute los casos de California citados por el recurrente, ni sugiere ninguna razón satisfactoria de por qué deberíamos rechazar la interpretación dada al artículo en cuestión. Las autoridades citadas, en unión de otros casos más recientes, pueden hallarse en una nota al pie de la sección 10 de un artículo sobre *lis pendens* en el tomo 16 de *Cal. Jr.,* pág. 655.

Es evidente que una acción para la ejecución de una hipoteca está dentro del espíritu de la disposición estatutoria si esa disposición es interpretada a la luz de su historia y de su fin como una limitación y restricción a la doctrina de *lis pendens* del derecho común. 17 R.C.L. pág. 1016, párrafo 10, y pág. 1019, párrafo 14.

Desde luego que el estatuto no trajo a esta jurisdicción ningún elemento o factor de la doctrina del derecho común no incluído en el lenguaje empleado por la Legislatura de California. Tampoco la adopción de la ley sin enmienda o modificación alguna por nuestra legislatura eliminó alguna parte o porción de la doctrina de *lis pendens* claramente comprendida dentro del radio de la ley original.

Como la cuestión de embargo y de notificación implícita (*constructive notice*) está tratada adecuadamente por otras disposiciones estatutorias, no necesitamos especular sobre si en ausencia de tal legislación adicional un aviso de estar pendientes acciones personales podría o no inscribirse en todos aquellos casos en que se han embargado bienes inmuebles. Pero aún si procediera el resultado indicado por el registrador como una consecuencia lógica y necesaria al incluir acciones sobre ejecución de hipoteca, la situación sería substancialmente la misma con las condiciones existentes ya creadas por las disposiciones legislativas a que hacemos mención más arriba y por tanto no deben mirarse con alarma. Tampoco un grado razonable de elasticidad, al ser inherente a la naturaleza y fraseología de la disposición estatutoria, sería un mal sin atenuante.

*Debe revocarse la nota recurrida.*