Sucesores de Huertas González, S. en C., recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 983.—*Sometido:* Enero 11, 1937. *Resuelto:* Enero 12, 1937.

*José C. Jusino,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Sucesores de Huertas González, S. en C., una sociedad mercantil de Toa Alta, presentó en el Registro de la Propiedad de Caguas copia certificada de una demanda que contra J. González & Co., S. en C. y José Isabel Aponte y sobre tercería de mejor derecho, había radicado en la Corte de Distrito de Humacao, y pidió su anotación con arreglo al artículo 91 del Código de Enjuiciamiento Civil.

El registrador devolvió el documento sin practicar anotación alguna "por el fundamento de que, ejercitándose en dicho pleito una acción tendiente únicamente a declarar que determinados inmuebles, que se dicen ser de la propiedad del demandado José Isabel Aponte, están afectos con una garantía hipotecaria constituída por aquél a favor del demandante y que tal garantía hipotecaria tiene preferencia y prelación sobre un crédito del codemandado J. González y Compañía, S. en C., y no siendo la referida acción una que

afecte al título o al derecho de posesión de propiedad inmueble, la anotación de dicha demanda *pendente litis*, no procede de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil, y sí el remedio de la inscripción de la hipoteca o su anotación preventiva por el término legal si las fincas hipotecadas, como sucede en este caso, no se hallan inscritas a nombre del demandado ni de ninguna otra persona, tanto más cuanto que en este mismo asunto, a instancias del acreedor, Sucesores de Huertas González, S. en C., de acuerdo con el artículo 42 de la Ley Hipotecaria, se anotó preventivamente dicha hipoteca, habiendo caducado el término legal de dicha anotación.''

Contra esa negativa se interpuso por la parte perjudicada el presente recurso gubernativo.

El artículo 91 del Código de Enjuiciamiento Civil que tanto el recurrente como el recurrido invocan para sostener sus contrarias posiciones, autoriza la anotación en toda acción ''que afecte al título o al derecho de posesión de una propiedad inmueble.''

¿Afecta la acción que aquí se ejercita al título o la posesión de alguna propiedad inmueble? Contestar la pregunta es resolver el recurso.

En la demanda se alega que el demandado Aponte para garantizar cierta deuda que contrajo con la demandante hipotecó varias propiedades inmuebles, hipoteca que no pudo inscribirse en el registro por no estar inscritas las fincas hipotecadas.

Se alega además en la demanda que así las cosas la otra demandada J. González & Co., S. en C., demandó a Aponte en la Corte Municipal de Caguas en cobro de dinero y obtuvo sentencia a su favor para ejecutar la cual el márshal de dicha corte embargó y anunció en venta una de las fincas hipotecadas a la demandante.

Y se sigue alegando en la demanda que el crédito de la demandante tiene prelación sobre el embargo de la deman-

dada J. González & Co., S. en C., solicitándose una sentencia de conformidad.

Que está envuelta una propiedad inmueble es evidente. El título de esa propiedad corresponde actualmente al demandado Aponte. Y es evidente también que si la venta en pública subasta se realiza a los efectos del pago de la sentencia de J. González & Co., S. en C., habrá un traspaso de título a favor del comprador pudiendo quedar el derecho de éste afectado por el de Sucesores de Huertas González, S. en C., si su demanda prevalece.

Siendo ello así no creemos que pueda sostenerse que la acción ejercitada en la demanda cuya anotación se pide deje de afectar en absoluto al título de la propiedad inmueble de que se trata. Parece que debe llegarse en este caso a la misma conclusión a que llegó este tribunal en el de *Schlüter v. Registrador*, 36 D.P.R. 517, 518, a saber:

"Es evidente que una acción para la ejecución de una hipoteca está dentro del espíritu de la disposición estatutaria si esa disposición es interpretada a la luz de su historia y de su fin como una limitación y restricción a la doctrina de *lis pendens* del derecho común. 17 R.C.L. pág. 1016, párrafo 10, y pág. 1019, párrafo 14."

Véanse además las decisiones de esta corte en los casos de *Alvarez et al. v. El Registrador*, 24 D.P.R. 427, y *Manrique de Lara v. El Registrador*, 23 D.P.R. 864, y 38 C. J. 17 y siguientes.

Una duda surge y es la de si puede hablarse de hipoteca al referirse a la en que funda su mejor derecho la recurrente, ya que el artículo 146 de la Ley Hipotecaria prescribe que para que las hipotecas voluntarias queden válidamente constituídas, se requiere que la escritura se haya inscrito en el registro y sabemos que aquí no pudo serlo por no hallarse previamente inscrita la finca hipotecada.

De todos modos como se trata de un inmueble no inscrito y pudiera surgir algún derecho, creemos que la conclusión a que llegamos se sostiene. Véase *Rodríguez v. Solivellas & Co.*, y *Nat. City Bank, int.*, 49 D.P.R. 633.

No estamos conformes con que el derecho del recurrente esté limitado como sostiene el registrador a inscribir su hipoteca. No hay duda de que éste es el mejor camino. Intentó seguirlo el recurrente pero encontró un obstáculo para ello: la no inscripción de la finca hipotecada. Y como la inscripción previa de la finca necesaria para la inscripción de la hipoteca es algo que puede dilatarse, creemos que estuvo justificado el recurrente en pedir la anotación de su demanda a los fines de asegurar el derecho que pudiera asistirle no obstante la no inscripción de la garantía que se le otorgara para el pago de su crédito. *Carreras* v. *Registrador*, 42 D.P.R. 910; *Zapata* v. *Registrador*, 40 D.P.R. 564.

*Por virtud de todo lo expuesto debe revocarse la nota recurrida y ordenarse la anotación solicitada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.