RAFAEL ATILES MORÉU, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 994.—*Sometido:* Abril 22, 1937. *Resuelto:* Mayo 28, 1937.

652

*R. Atiles Moréu,* por su propio derecho; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El artículo 91 del Código de Enjuiciamiento Civil, dispone que el demandante "en una acción que afecte al título o al derecho de posesión de una propiedad inmueble . . . podrá presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella, un aviso de la cuestión litigiosa pendiente. . ." En el presente caso el registrador de la propiedad se negó a hacer la correspondiente anotación de tal aviso fundándose en que el artículo 91 no autoriza que se haga una anotación cuando se trata de una acción en cobro de dinero. Sin embargo, el demandante no sólo pedía una sentencia monetaria sino un remedio de la naturaleza de un *injunction,* y la demanda contiene ciertas alegaciones tendientes a sostener la súplica de tal remedio.

El demandante, que era un abogado, alegó que a instancias y requerimiento de la demandada, Sucesión de Federico Font Delort, había prestado ciertos servicios profesionales en relación con determinados asuntos testamentarios, algunos de los cuales podían o no ser considerados como preliminares a la partición de la herencia, y que todos estos servicios profesionales habían sido reconocidos y aceptados como satisfactorios por la demandada, la cual había "ratificado su conformidad y beneplácito con los mismos en diversas ocasiones." El demandante alegó además:

"12.—Que el demandante es un acreedor de la herencia, y su reclamación no ha sido satisfecha, y amenazan los demandados con proceder a los trámites de inventario, avalúo, liquidación, división y adjudicación de los bienes, sin incluir esta reclamación en el inventario, liquidación y división de los bienes, y sin satisfacerla, o afianzar el importe de esta reclamación. Que tampoco están dispuestos a

verificar la partición, mencionando en la misma, la existencia de este pleito y de esta reclamación, siendo su intención perjudicar a terceros con esta actuación.''

Luego de solicitar sentencia por una suma de dinero, el demandante también suplicó a la corte:

''(*b*) Que ordene y decrete que no se proceda a la partición de los bienes, de la testamentaría, hasta tanto no se satisfaga o afiance el importe del crédito del demandante; o se adjudiquen bienes para el pago de esta reclamación, en o para pago de deuda.

''(*c*) Que a falta del pronunciamiento (*b*), si la corte no lo creyere procedente, que se haga constar en la escritura de partición, la existencia de esta reclamación, y de este pleito, ya que cuando recaiga sentencia será un crédito reconocido por sentencia, contra los bienes de la herencia, y afecta directamente al título de dichos bienes.''

Los artículos 1017 y 1035 del Código Civil (edición de 1930) leen así:

''Artículo 1017.—Los gastos de partición hechos en interés común de todos los coherederos se deducirán de la herencia; los hechos en interés particular de uno de ellos, serán a cargo del mismo.''

''Artículo 1035.—Los acreedores reconocidos como tales podrán oponerse a que se lleve a efecto la partición de la herencia hasta que se les pague o afiance el importe de sus créditos.''

Si los gastos por razón de servicios profesionales prestados en conexión con asuntos preliminares a una partición de la herencia deben ser considerados o no como parte de ''los gastos de partición hechos en interés común de todos los coherederos'' y si el demandante era o no un acreedor ''reconocido como tal'' son cuestiones debatibles. Si la corte de distrito resolvía cualquiera de estas cuestiones en favor del demandante y le concedía cualquiera parte del remedio solicitado bajo los párrafos (*b*) y (*c*) de la súplica de la demanda, difícilmente podría decirse que el pleito no afectaría ''al título o al derecho de posesión de una propiedad inmueble.'' Cualquiera cuestión relativa a la suficiencia de la demanda es de ordinario, a nuestro juicio, una cuestión a

resolver por la corte y no por el registrador. Cuando no está envuelta tal cuestión, el registrador desde luego está en libertad para determinar si la demanda afecta o no "al título o al derecho de posesión de una propiedad inmueble." Si en el presente caso la súplica hubiera sido sólo que se dictara una sentencia monetaria, o si la demanda no hubiera contenido alegaciones tendientes en forma alguna a sostener una solicitud para que se concediera otro remedio, el registrador hubiera estado muy en lo cierto al resolver que la acción no afectaba "al título o al derecho de posesión de una propiedad inmueble." Evidentemente, también podría hacer caso omiso de alegaciones fútiles que se insertaran tan sólo como pretexto para la radicación de una *anotación de lis pendens*. El derecho del demandante a un remedio de la naturaleza de un *injunction* puede o no ser dudoso en extremo. Baste decir que el demandante tiene derecho a ser oído por la corte de distrito respecto a la suficiencia de su demanda en caso de ser excepcionada, o en ausencia de una excepción, a aducir prueba en apoyo de su alegación para que se le conceda un remedio de tal naturaleza.

*Debe revocarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.