Ramón Martínez de León y su Esposa María Mundo, recurrentes, *v.* El Registrador de la Propiedad de San Juan, Sección 7ma. de Río Piedras, recurrido.

*Número:* O-72-206      *Resuelto:* 2 de mayo de 1973

*Arturo Aponte Parés,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

Los recurrentes radicaron una demanda ante el Tribunal Superior, Sala de Humacao, contra Confesor Cruz Cruz y su esposa en donde alegan esencialmente que mediante contrato elevado a escritura pública adquirieron un derecho de arrendamiento con opción de compra sobre cierta propiedad des-

crita en la demanda perteneciente a los demandados. Se solicita en dicha demanda que el tribunal determine que los recurrentes tienen un derecho de opción de compra válido sobre dicha propiedad; que determine el justo valor de la propiedad y en su consecuencia que ordene a los demandados y/o al alguacil del tribunal que otorgue la correspondiente escritura de compraventa a favor de los recurrentes.

Los recurrentes presentaron al Registrador de la Propiedad, para su anotación, conforme lo dispone el Art. 91 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 455, un aviso de la cuestión litigiosa o pleito pendiente (*lis pendens*) junto a una copia certificada de la demanda.

El Registrador de la Propiedad se negó a hacer la correspondiente anotación fundándose en las razones que se expresaron en la siguiente nota de la cual se recurre:

"Denegado al folio 102vto., del tomo 44 de Trujillo Alto, por nota al margen de la inscripción 11ma., finca núm. 1663, por observarse que el propósito de la demanda es hacer cumplir una promesa de venta, por entender que la promesa de venta no es inscribible en el Registro de la Propiedad (Artículo 28 del Reglamento Hipotecario) y por ende no puede tener acceso al Registro la demanda en que se pida su cumplimiento, pues, siendo la promesa de venta un derecho personal, también lo es la demanda en que se exige su cumplimiento, pues el hecho de establecer una demanda no cambia el derecho personal en real. (Collazo v. Conesa, setenta, Decisiones de Puerto Rico, ciento cincuenta y cinco) . . . ."

El Registrador recurrido hace énfasis en su alegato en que la promesa de comprar y vender es un derecho personal que no afecta ni el título ni la posesión del inmueble en cuestión, cuyo derecho no es inscribible por así prohibirlo el Art. 28 del Reglamento Hipotecario. Alega además que la radicación de la demanda no torna el derecho personal en real.

Examinados los alegatos de las partes es necesario analizar la interrelación y las diferencias existentes entre el aviso de pleito pendiente a que se refiere el Art. 91 del Código de

Enjuiciamiento Civil, 32 L.P.R.A. sec. 455, y la anotación preventiva de demanda provista en el Art. 42 de la Ley Hipotecaria, 30 L.P.R.A. sec. 91.

El Art. 91 del Código de Enjuiciamiento Civil, que proviene del artículo 409 del Código de Enjuiciamiento Civil de California, (¹) y cuya traducción correcta aparece en el caso de *Manrique de Lara* v. *El Registrador*, 23 D.P.R. 864 (1916) dispone: (²)

"En una acción *que afecte el título o al derecho de posesión de propiedad inmueble,* el demandante, al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción. . . ." (Énfasis suplido.)

Por otro lado, el Art. 42 de la Ley Hipotecaria, dispone en lo pertinente:

"Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

1.° El que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real."

Y, el Art. 43 de la misma ley, 30 L.P.R.A. sec. 92, que se refiere al citado Art. 42, dispone:

"En el caso del número 1°. de la sección anterior, no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial dictada a instancia de parte legítima, y en virtud de documento bastante, al prudente arbitrio del juzgador."

En *Velázquez* v. *El Registrador*, 27 D.P.R. 268 (1919)

---

(¹) Similar al Art. 3189 del Código de Enjuiciamiento Civil de Idaho (*Idaho Code*, vol. 2, sec. 5–505).

(²) Véase, *Padilla* v. *Registrador*, 39 D.P.R. 532, 538 (1929).

dijimos que tanto la anotación de demanda del Art. 42 de la Ley Hipotecaria como el aviso de pleito pendiente del Art. 91 del Código de Enjuiciamiento Civil pueden subsistir independientemente la una del otro y que la parte interesada puede optar por seguir cualquiera de los procedimientos.

Aunque en *Hernández* v. *Registrador*, 67 D.P.R. 452 (1947) dijimos, y en *Segarra* v. *Vda. de Lloréns*, 99 D.P.R. 60, 69 (1970) repetimos, que las diferencias entre ambos procedimientos son más bien de forma que de fondo, dichas diferencias no deben ser olvidadas.

██  Las diferencias principales entre ambos procedimientos las expusimos con claridad en el caso de *Padilla* v. *Registrador*, 39 D.P.R. 532, 539 (1929) cuando dijimos:

"Percíbese, a primera vista, la diferencia entre este artículo [se refiere al Art. 91 del Código de Enjuiciamiento Civil] y el de la Ley Hipotecaria que hemos citado [se refiere al Art. 42 de la Ley Hipotecaria]. Para la anotación preventiva se requiere que la demanda lo sea de propiedad o de cualquier derecho real. Para el aviso al Registro, en el caso del artículo 91, de acción que afecte al título o derecho de posesión, sin que pueda precisarse el exacto sentido del verbo 'afectar', ni la época o tiempo a que el artículo se refiere. Para la anotación preventiva de Ley Hipotecaria, la necesaria intervención del juez, como garantía más sólida. Para la de procedimiento, la determinación de la voluntad de la parte. En la anotación preventiva de que se trata, se establece por el Reglamento en su artículo 126 la forma completa, el mejor aviso a todos en que se ha de extender.(3) Para la anotación con arreglo a la ley procesal basta una nota marginal.(4) Para la anotación preventiva hipotecaria en este caso, la garantía de que habla el artículo 91 del Reglamento

(3) Se refiere al Art. 126 del Reglamento Hipotecario, 30 L.P.R.A. sec. 1006, que dispone detalladamente las circunstancias que han de constar en las anotaciones preventivas. Este escolio al igual que los números 4 y 5 siguientes son puramente aclaratorios y no aparecen en el texto citado.

(4) En *Velázquez* v. *Registrador*, supra, dijimos que el aviso del Art. 91 del Código de Enjuiciamiento Civil debía hacerse mediante nota marginal. El propio Art. 91 dispone que el aviso sólo contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación y la descripción de la propiedad en litigio.

para la ejecución de la Ley Hipotecaria: (⁵) para la nota con arreglo a la ley procesal, sin garantía alguna."

En *Padilla*, supra, añadimos que el aviso de cuestión litigiosa del Art. 91 no produce todos los efectos de la anotación de demanda del Art. 42 de la Ley Hipotecaria y que por el contrario no produce más efecto que el que le atribuye el propio Art. 91 del Código de Enjuiciamiento Civil, o sea, el de notificar a cualquier comprador de la pendencia de un litigio acerca del título de posesión. Por tal razón sostuvimos que la nota producida por el Art. 91 de la ley procesal no tiene el efecto posterior de la conversión el cual no aparece de dicha ley y que en la Ley Hipotecaria se concede sólo a determinadas anotaciones, rodeadas de más sólidas garantías y que aparecen en el registro en otra forma y con mayor especificación que aquél.

Como puede observarse, entre las distinciones que apuntamos anteriormente señalamos que para que proceda la anotación preventiva de demanda de la Ley Hipotecaria se requiere que la demanda lo sea "de propiedad o de cualquier derecho real" mientras que para el aviso de *lis pendens* del Art. 91 del Código de Enjuiciamiento Civil solamente se requiere que la acción afecte el título o derecho de posesión de un bien inmueble.

■ La jurisprudencia de este tribunal invariablemente ha exigido para la anotación del aviso de demanda bajo el Art. 91 del Código de Enjuiciamiento Civil que la demanda que se intenta anotar "afecte al título o al derecho de posesión de una propiedad inmueble", independientemente de que la acción ejercitada pueda catalogarse como una acción personal (*in personam*). Veamos.

---

(⁵) Se refiere al Art. 91 del Reglamento Hipotecario (no debe confundirse con el artículo 91 de Enjuiciamiento Civil), 30 L.P.R.A. sec. 971, que dispone que el que propusiera la demanda de propiedad del Art. 42 de la Ley Hipotecaria deberá ofrecer indemnizar los perjuicios que de la anotación puedan seguirse al demandado en caso de ser absuelto.

En *Atiles Moréu* v. *Registrador*, 51 D.P.R. 651 (1937), un abogado incoó demanda en contra de una sucesión para el cobro de honorarios por servicios prestados solicitando que se paralizara la partición hasta el pago de la deuda o que se adjudicaran algunos bienes de la herencia para el pago de aquella. Resolvimos allí que dicha demanda afectaba al título o derecho de posesión de una propiedad inmueble por lo que era anotable el *lis pendens* bajo el Art. 91 del Código de Enjuiciamiento Civil.

A la misma conclusión llegamos en el caso de *Olivera* v. *Registrador*, 51 D.P.R. 413 (1937) en el que se ordenó anotar un aviso de demanda de filiación de una hija que solicitaba ser declarada hija natural con todos los derechos, entre los cuales figuraba prominentemente el derecho a la herencia. Asimismo concluimos en el caso de *Sosa Fernández* v. *Muñoz, Juez*, 36 D.P.R. 465 (1927) en el que sostuvimos una anotación de un aviso de una demanda incoada por una hija contra su padre en reclamación de la porción hereditaria que correspondía a aquélla en los bienes privativos de su madre.

Aún más, en el caso de *Pueblo* v. *Fajardo Sugar Co. of P.R.*, 51 D.P.R. 893 (1937), en el que el Estado incoó un procedimiento de Quo Warranto contra una corporación que poseía más de 500 acres, contrario a lo dispuesto en sus cartas constitutivas, que envolvía la determinación del derecho de dicha entidad corporativa a continuar poseyendo 23,800 acres, sostuvimos que la acción instada afectaba el título o derecho de posesión de bienes inmuebles lo que hacía anotable en aviso de demanda bajo el Art. 91 de la ley procesal.

En todos los casos antes mencionados se trataba de acciones que pueden clasificarse como personales, sin embargo, permitimos la anotación de aviso de demanda bajo el Art. 91 del Código de Enjuiciamiento Civil, por razón de que afectaban al título o al derecho de posesión de inmuebles.

El problema sería distinto si se tratare de acciones personales que no tienen una repercusión directa sobre algún bien inmueble como en el caso de una reclamación de daños y perjuicios o de una reclamación en cobro de dinero en la que sólo se pide una sentencia monetaria. *Escalera* v. *Lokpez*, 63 D.P.R. 227 (1944); *Atiles Moréu* v. *Registrador*, supra.

■ Por primera vez se nos plantea si una acción personal que envuelve el derecho a una opción de compra([6]) afecta el título o derecho de posesión del inmueble en cuestión. ([7]) No hay duda de que de triunfar el demandante en sus pretensiones de que se reconozca el ejercicio de su derecho a la opción de compra, el tribunal ordenaría el otorgamiento de la correspondiente escritura de compraventa sobre la propiedad en cuestión. La anotación de *lis pendens* no es otra cosa que una medida cautelar que se toma a fin de que sea posible la ejecución de la sentencia y no resulte ilusoria la acción entablada. Siendo ello así la repercusión de la demanda sobre el título o posesión de la propiedad inmueble es mucho más inmediata y directa que muchos de los casos antes citados.

■ El Registrador sostiene además que el presente aviso de *lis pendens* no es anotable por no ser inscribible la opción de compraventa conforme al Art. 28 de Reglamento Hipotecario, 30 L.P.R.A. sec. 858. Obsérvese, sin embargo, que en el presente caso no está en controversia si la opción de compraventa es inscribible ya que lo que se intenta anotar es sólo el aviso de una cuestión litigiosa referente al cumplimiento de una opción. De triunfar el demandante en sus

([6]) El carácter personal de la presente acción. no está en controversia. Véanse, *Collazo* v. *Conesa*, 70 D.P.R. 155 (1949); *Rossy* v. *Tribunal Superior*, 80 D.P.R. 729, 741 (1958).

([7]) En el caso de *Calderón* v. *Registrador*, 46 D.P.R. 778 (1934) ordenamos la anotación de una demanda a tenor con el Art. 91 del Código de Enjuiciamiento Civil en la que se solicitaba se obligara al demandado a formalizar escritura de venta a favor del demandante. Allí no resolvimos la cuestión planteada en el presente recurso ya que la denegatoria del Registrador en aquel caso estaba fundamentada en otras circunstancias.

pretensiones se otorgaría la correspondiente escritura de compraventa la cual sería título suficiente no ya para inscribir la opción sino el título de propiedad del inmueble.

Aunque lo dicho nos parece suficiente para disponer del presente recurso es conveniente señalar que la anotación de la demanda de cumplimiento específico de una opción o de una promesa de venta y de otras acciones personales ha sido defendida abiertamente en España por algunos tratadistas aun bajo el Art. 42 de la Ley Hipotecaria, estando tal anotación aceptada por la más moderna doctrina de la Dirección General de los Registros. Roca Sastre, II *Derecho Hipotecario*, ed. 1968, pág. 852. Ello es así a pesar de que el ámbito del Art. 42 de la Ley Hipotecaria parece ser más restrictivo que el del Art. 91 del Código de Enjuiciamiento Civil.

Nos dice Roca Sastre:

"El ámbito de la anotación preventiva de demanda tiene mucho mayor amplitud o extensión que el que resulta de la letra del artículo 42, 1.°, de la Ley Hipotecaria, pues según ella sólo cabe a favor del 'que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real.'

. . . . . . . .

La Ley Hipotecaria y su Reglamento y, sobre todo, la doctrina de la Dirección General, han atribuido a la anotación preventiva de demanda su natural o lógica amplitud, pues abarca toda demanda que se interponga en ejercicio de una acción o pretensión, *real o personal, que pueda conducir a un acto registrable respecto de fincas inmatriculadas*." Roca Sastre, id. (Énfasis suplido.) (8)

El Art. 91 del Código de Enjuiciamiento Civil, por otro lado, solamente exige que la acción que motiva la anotación de *lis pendens* debe afectar al título o al derecho de posesión

---

(8) En el mismo sentido, véanse: La Cruz Berdejo, *Derecho Inmobiliario Registral*, ed. 1968, pág. 268; Cossio, *Instituciones de Derecho Hipotecario*, segunda edición, 1956, pág. 257; Morell, *Comentarios a la Legislación Hipotecaria*, segunda edición, Tomo Tercero, págs. 36, 38; *cf.* Campuzano, *Legislación Hipotecaria*, segunda edición, tomo II, pág. 9.

de propiedad inmueble. No tenemos duda de que en el presente caso se trata de una acción personal encaminada á obtener una modificación jurídica de carácter real, o sea, tiene como finalidad la inscripción del título de un inmueble luego que se prueben las alegaciones de la demanda que se pretende anotar.

*Por las razones expuestas se revocará la nota recurrida.*