EMILIA MALDONADO CRUZ, recurrente *v.* EL REGISTRADOR DE
LA PROPIEDAD DE BAYAMÓN, SECCIÓN PRIMERA, recurrido.

*Número:* O-78-47      *Resuelto:* 30 de marzo de 1978

72

*Rafael Humberto Marchand, June I. Ortiz, Armando Cardona Acabá, Orlando Collado Medina, Rubén Auger Marchand* y *Aida Juarbe de Meléndez,* abogados de la recurrente; El Registrador recurrido compareció por escrito.

PER CURIAM: El Registrador de la Propiedad de Bayamón, Sección I, denegó la anotación de pleito pendiente (*lis pendens*) bajo el Art. 91 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 455) porque la promovente Corporación de Servicios Legales que representa a la parte demandante en la acción civil titulada "in rem verso" no acompañó un comprobante de pago por $13.00 importe de derechos determinado por aplicación de la Ley de Arancel que es la Núm. 91 de 30 de mayo, 1970 (30 L.P.R.A. sec. 1767a y ss.). En el recurso gubernativo plantea la Corporación que su cliente está exenta de pago de Arancel por así disponerlo la Ley Núm. 122 de 9 de junio, 1967 (32 L.P.R.A. sec. 1500),([1]) pero notamos

---

([1]) Sec. 1500. *Exención a la Corporación de Servicios Legales*

"Por la presente se dispone [que] en todo lo que fuere pertinente al desempeño de sus funciones y logro de sus objetivos o necesario para el trámite de los casos o asuntos en que estuvieran interviniendo a beneficio de las personas a quienes esté prestando servicios legales gratuitos, la Corporación de Servicios Legales de Puerto Rico quedará exenta del pago de toda clase de derechos, aranceles, contribuciones o impuestos de cualquier naturaleza dispuestos por las leyes vigentes para la tramitación de procedimientos judiciales y la expedición de certificaciones en los Centros

que el planteamiento es académico porque la demanda no es anotable como "acción que afecte al título o al derecho de posesión de una propiedad inmueble", objeto del citado Art. 91.

Se alega en la demanda cuya anotación interesa la recurrente:

"Comparece la parte demandante representada por los abogados que suscriben y muy respetuosamente EXPONE, ALEGA y SOLICITA:

1. Que la demandante, Doña Emilia Maldonado Cruz es la madre de crianza de Arsilio Meléndez Jiménez.

2. Que Arsilio Meléndez Jiménez falleció el 25 de junio de 1976, en Río Piedras, Puerto Rico.

3. Que Arsilio Meléndez Jiménez nació el 26 de agosto de 1919.

4. Que Arsilio Meléndez estuvo bajo la custodia de la demandante desde que aquél tenía la edad de diez (10) años.

5. Que junto con su esposo, la demandante, alimentó y educó a Arsilio Meléndez Jiménez.

6. Que el esposo de la demandante falleció y ésta continuó brindándole custodia, alimento y protección a Arsilio Meléndez Jiménez.

7. Que éste, estando bajo la custodia, protección y cuidado de la demandante, logró ahorrar suficiente dinero para poder aquel pagar el pronto de una casa sita:

URBANA: Solar radicado en la Urbanización de Bayamón Gardens, localizada en el Barrio Pájaros de la municipalidad de Bayamón, Puerto Rico, que se describe en el plano de inscripción de dicha urbanización con el número, área y colindancia que se describe a continuación:

Número del solar: Cuatro (4) del Bloque H. Area del solar: Trescientos Diecisiete metros cuadrados con veinte centímetros de otro (317.2 mc).

En lindes: Por el NORTE con la Avenida Main, distancia de trece (13) metros y cuarenta y un (41) centímetros por el SUR con el solar número cuarenta y cuatro (44) distancia de catorce (14) metros y veinte centímetros: por el ESTE, con el solar

del Gobierno Estatal, excluyéndose el sello forense y los impuestos notariales."

número cinco (5) distancia de veintitrés (23) metros y por el ESTE, con el solar número tres (3) distancia de veintitrés (23) metros. Enclava en dicho solar una casa de concreto reforzada y bloques de concreto diseñada para una sola familia.

8. Que por cuanto el causante anteriormente mencionado falleció víctima de un accidente de automóvil, la demandante recibe por virtud de ser dependiente en los momentos del accidente la cantidad de $10,000.00 pagaderos a razón de $50.00 semanales por la ACAA.

9. Que al amparo y el cuidado de la demandante el causante de la sucesión demandada tiene una serie de cuentas bancarias que no se sabe en estos momentos a cuánto asciende.

10. Que la demandante contribuyó al contenido cuantitativo del patrimonio del causante.

11. Que la demandante es acreedora del patrimonio dejado por el causante en virtud de la doctrina de que nadie puede enriquecerse sin causa o a expensas de otro.

12. Que los demandados se enriquecerían injustamente si todo el patrimonio dejado por el causante quedara bajo la titularidad de dicha comunidad.

POR TODO LO CUAL, muy respetuosamente solicitamos que, previos los trámites de ley correspondientes este Hon. Tribunal le dé contenido monetario de $15,000.00 al derecho que tiene la demandante sobre el patrimonio del causante arriba mencionado en base a la doctrina de enriquecimiento injusto."

En esfuerzo de leer la demanda en la forma más favorable a la demandante para identificar alguna causa de acción, encontramos que la ejercitada es una acción personal en cobro de dinero que se limita a pedir un remedio monetario, así propiamente llamado en la súplica. Las acciones personales tienen acceso al Registro mediante anotación de *lis pendens* sólo cuando produzcan un claro impacto o consecuencia sobre el título o derecho de posesión de un bien inmueble. Las demandas en cobro de dinero que se limitan a pedir lo que el Juez Hutchinson llamó "sentencia monetaria" no tienen la calidad exigida por el Art. 91. *Atiles Moréu* v. *Regis-*

*trador*, 51 D.P.R. 651, 652 y 654 (1937) ; *Escalera* v. *Lokpez*, 63 D.P.R. 227 (1944), confirmados expresamente en su doctrina por *Martínez* v. *Registrador*, 101 D.P.R. 308 (1973), donde resolvimos que "[es improcedente el aviso de demanda] si se tratare de acciones personales que no tienen una repercusión directa sobre algún bien inmueble como en el caso de una reclamación de daños y perjuicios o de una reclamación en cobro de dinero en la que sólo se pide una sentencia monetaria." *Ibid.* pág. 314.

██ Los remedios provisionales en auxilio de eficacia para la sentencia que en su día se dicte, restrictivos del derecho de propiedad del demandado, han superado ataques a su constitucionalidad porque la intervención del juez desde su principio considerando los intereses de todas las partes y la provisión de vista para impugnar la orden, garantizan y resguardan el derecho del deudor. *Domínguez Talavera* v. *Tribunal Superior*, 102 D.P.R. 423, 427 (1974). En el aviso de *lis pendens* la calificación del Registrador pone a prueba la legalidad y procedencia de la anotación solicitada, que naturalmente pueden promoverse ante el tribunal. Por ser el aviso de demanda un remedio de aseguramiento de efectividad de sentencia que disminuye el *ius disponendi* de la parte demandada sin exigencia de fianza para responder a ésta de daños y perjuicios y a tal punto notable excepción a los remedios provisionales que concede la Regla 56 de Procedimiento Civil, la demanda que reclame entrada al registro por esta vía privilegiada debe satisfacer los requisitos que en el Art. 91 tipifican la causa de acción anotable. La demanda de la recurrente carece de ellos. *Desestimado*.

El Juez Asociado Señor Rigau no intervino.