MANRIQUE DE LARA, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la anotación preventiva de una demanda.

No. 280.—Resuelto en mayo 18, 1916.

ANOTACIÓN PREVENTIVA DE DEMANDA—AVISO DE LA PENDENCIA DE LA ACCIÓN—TEXTO INGLÉS Y ESPAÑOL DEL ARTÍCULO 91 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL—TRADUCCIÓN ERRÓNEA.—El texto inglés del artículo 91 del Código de Enjuiciamiento Civil no exige como condición para la anotación de la demanda o contestación en el registro de la propiedad, que el demandante y en su caso el demandado pidan se declare que lo que reclaman es suyo, sino que basta que la acción que se ejercita afecte al título o al derecho de posesión de una propiedad inmueble. El texto español de dicho artículo no es una correcta traducción del texto inglés que es el que debe prevalecer por ser el texto original.

Los hechos están expresados en la opinión.

Abogados de la recurrente: *Sres. F. H. Dexter* y *F. G. Pérez Almiroty.*

El registrador recurrido Sr. Rafael B. Sama no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de los Estados Unidos para Puerto Rico presentó demanda Manuela Manrique de Lara de Garrosi en 28 de junio de 1915, con súplica, entre otros pedimentos, de que los traspasos a que se refiere dicha demanda de las fincas de café "Leonor" y "Luisa" y la plantación de azúcar "Concepción," radicadas en el término municipal de Yauco, traspasos hechos por el demandado Tomás Garrosi a la codemandada Juana María González, sean declarados nulos y de ningún valor considerándose tales propiedades pertenecientes a Garrosi.

La demandante, en instancia dirigida al Registrador de la Propiedad de San Germán con fecha del mismo día 28 de junio acompañando copia de la demanda expresada, soli-

citó la anotación preventiva de la misma en los libros del registro, y el registrador denegó tal pretensión por medio de nota que dice así:

"No admitida la anotación preventiva de demanda a que se refiere el precedente documento por observarse el defecto de que la demandante no alega que sean suyas las propiedades de que se trata, tomándose en su lugar otra por ciento veinte días al margen de las inscripciones 13ª., 8ª. y 8ª. de las fincas Nos. 517 triplicado, 1473 duplicado y 703 hechas a los folios 107 y 103 vueltos las dos primeras, del tomo 32 de Yauco y la última al folio 114 vto. del tomo 16º. de Maricao.   San Germán, agosto 20 de 1915.   El registrador, Rafael B. Sama."

Esa nota está sometida a nuestra consideración a virtud de recurso contra ella interpuesto por la representación de Manuela Manrique de Lara.

Alega la parte recurrente que el artículo 91 del Código de Enjuiciamiento Civil ni en su letra ni en su espíritu limita la anotación de demandas y pleitos a casos en que el demandante sea el dueño de las propiedades de que se trata.

Dicho artículo tal como aparece traducido en el Código de Enjuiciamiento Civil vigente, dice:

"Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio   *   *   *."

El texto español de ese artículo no está conforme con el texto inglés que es el que debemos considerar para la decisión del recurso, pues el texto inglés traducido correctamente al español dice así:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando

en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción   *   *   *.''

Como se ve, el texto inglés no exige como condición para la anotación de la demanda o de la contestación que el demandante y en su caso el demandado pidan se declare que lo que reclaman es suyo, sino que basta que la acción que se ejercita afecte al título o al derecho de posesión de una propiedad inmueble.

En el presente caso el título de las fincas ''Leonor,'' ''Luisa'' y ''Concepción,'' y consiguientemente el derecho de posesión de las mismas está afectado por la demanda, y, por tanto, es de aplicación el artículo 91 del Código de Enjuiciamiento Civil que dejamos traducido al español.

El error del registrador ha sido originado por la incorrecta traducción de dicho artículo según aparece en el código expresado.

Es de revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.