El Pueblo de Puerto Rico, querellante, *v.* The Fajardo Sugar Company of Porto Rico, The Fajardo Sugar Growers' Association y Loíza Sugar Company, demandadas.

Núm. 1.—*Sometido:* Mayo 3, 1937. *Resuelto:* Julio 12, 1937.

*J. Henri Brown, Jaime Sifre, Jr.,* y *José A. Puventud* y *Arturo Aponte,* abogados, respectivamente, de las demandadas; *Hon. Procurador General B. Fernández García; M. Guerra Mondragón, R. Rivera Zayas* y *Lester P. Schoene,* abogados del querellante.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En abril 26 de 1937 la querellada "The Fajardo Sugar Growers' Association" radicó una moción enmendada solicitando se ordene la concelación de las anotaciones practicadas en los Registros de la Propiedad de Humacao y San Juan, con el propósito de hacer constar la pendencia de este procedimiento de *Quo Warranto.* Estas anotaciones de *lis pendens* se hicieron constar al margen de las inscripciones de varias fincas pertenecientes a dicha querellada, las que aparecen relacionadas en los *Exhibits* "D" y "E" unidos a la querella. Alega la promovente que todas las fincas afectadas por anotación del aviso de *lis pendens,* con excepción de las descritas bajo los números 62, 65, 68, 69, 70, 71, 93 y 96 del *Exhibit* "E", fueron adquiridas por ella con anterioridad a la aprobación de las leyes números 33 y 47, aprobadas en 22 de julio y en 7 de agosto de 1935, respectivamente (Leyes de Puerto Rico, Sesión Extraordinaria 1935, págs. 419 y 531); que las anotaciones practicadas son ineficaces y nulas porque 'las disposiciones del artículo 91 del Código de Enjuiciamiento Civil no son de aplicación en un caso como el presente; y que aun cuando dichas disposiciones fueren aplicables, las referidas anotaciones son ineficaces y nulas:

1. Porque la citada Ley núm. 47 es inválida en tanto en cuanto autoriza la imposición de penalidades por infracciones de la Carta Orgánica o de la Resolución Conjunta del Congreso de mayo 1 de 1900, por no tener la Legislatura Insular facultades para castigar violaciones de leyes federales.
2. Porque dicha Ley núm. 47 es nula por cuanto incluye más de un asunto, en violación del Artículo 34 de la Carta Orgánica de Puerto Rico, tratándose en ella de procedimientos de *quo warranto,* de la cancelación de inscripciones, de la nulidad de actos y contratos, de la venta y expropiación forzosa de propiedades.

Se alega que la Ley núm. 47 es nula, además, porque infringe la sección 34 de la Ley Orgánica al referirse en su sección 1 a disposiciones de la Ley Orgánica por su título únicamente sin reproducir ni publicar aquellas partes de la ley federal que se intenta extender o enmendar; porque intenta incorporar por referencia a su título la Ley de Expropiación Forzosa de Puerto Rico, sin mencionar el asunto en el título de la Ley núm. 47; porque El Pueblo de Puerto Rico la interpreta en el sentido de permitir procedimientos de *quo warranto* contra individuos o entidades que no son corporaciones, sin que se exprese así en su título; porque impone penalidades sin mencionarlas en el título; porque el título de la ley omite el anunciar que sus disposiciones tendrán efecto retroactivo; y porque menoscaba o afecta las obligaciones contractuales de las querelladas.

La promovente alega que las disposiciones de la Ley núm. 47 no le pueden ser aplicadas, por no ser ella una corporación.

Se alega por último en la moción que las anotaciones de *lis pendens* son nulas en cuanto a las propiedades adquiridas por la querellada promovente con anterioridad a la aprobación de la Ley núm. 47, porque dichas anotaciones serían autorizadas por el artículo 91 del Código de Enjuiciamiento Civil únicamente sobre las disposiciones de la sección 6 de la Ley de *Quo Warranto* de marzo 1º. de 1902, según fué enmendada por la sección 2 de la Ley núm. 47; y que las referidas disposiciones de la Ley núm. 47 son nulas e ineficaces porque (*a*) establecen penalidades que no existían cuando los inmuebles fueron adquiridos, haciendo que la ley sea *ex post facto* y como tal prohibida por la Ley Orgánica en su artículo segundo; y (*b*) privan a la querellada del debido procedimiento de ley y de la igual protección de las leyes, al afectar contratos formalizados e inscritos antes de la aprobación de la Ley núm. 47.

Las otras dos querelladas, The Fajardo Sugar Company of Porto Rico y Loíza Sugar Company, han radicado sendos

escritos en apoyo de la moción, y el querellante ha formulado su oposición a la cancelación solicitada.

La única cuestión legal que nos presenta esta moción es: ¿Son aplicables a una situación de hecho y de derecho tal como la que se describe en la querella las disposiciones del artículo 91 del Código de Enjuiciamiento Civil? Estudiada esa cuestión a la luz de la jurisprudencia sentada por este Tribunal, debemos resolver que son de aplicación.

El citado artículo, tal como fué traducido al castellano por este tribunal en el caso de *Manrique de Lara* v. *Registrador,* 23 D.P.R. 864, 865, lee así:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción. . . ."

El lenguaje del estatuto es bien claro. No es requisito necesario, como pretenden las promoventes, para que pueda anotarse en el registro el aviso de *lis pendens,* que exista una controversia entre las partes en cuanto al título o al derecho de posesión de una propiedad inmueble, ni tampoco que el demandante reclame algún derecho al dominio o a la posesión de esa propiedad. Esta Corte Suprema ha resuelto ya en varias decisiones que todo lo que se exige es que la acción que se ejercita afecte al título o derecho de posesión. En *Manrique de Lara* v. *Registrador,* supra, esta corte se expresó así:

"Como se ve, el texto inglés no exige como condición para la anotación de la demanda o de la contestación que el demandante y en su caso el demandado pidan se declare que lo que reclaman es suyo, sino que basta que la acción que se ejercita afecte al título o al derecho de posesión de una propiedad inmueble."

La intención del legislador al aprobar el artículo 91, supra, y el artículo 42 de la Ley Hipotecaria fué la de que al ejercitarse una acción de la naturaleza de la que se ejercita en el presente caso pudiera darse aviso constructivo a terceras personas que pudieran adquirir los bienes litigiosos sin conocimiento expreso de la pendencia del pleito, y evitar que esas personas pudiesen más tarde alegar su condición de tercero. Para la anotación preventiva que autoriza el artículo 42 de la Ley Hipotecaria se requiere que la demanda lo sea de propiedad o de cualquier derecho real. Para la anotación del aviso de *lis pendens* que autoriza el artículo 91 del Código de Enjuiciamiento Civil todo lo que se requiere es que la acción afecte al título o derecho de posèsión de un inmueble. Véanse *Manrique de Lara* v. *Registrador*, supra; *Velázquez* v. *Registrador*, 27 D. P. R. 268; *Morales* v. *Cruz Vélez*, 36 D.P.R. 242, 243; *Padilla* v. *Registrador*, 39 D.P.R. 532, 539; *Fernández* v. *Registrador*, 45 D.P.R. 716, 720; y *Olivera* v. *Registrador*, ante, pág. 413.

En el caso ante nos existe una acción pendiente y se funda en que El Pueblo de Puerto Rico, que es el querellante, concedió a The Fajardo Sugar Company of Porto Rico y a Loíza Sugar Company cartas constitutivas por las cuales ambas corporaciones aceptaron y se sometieron expresamente a la limitación provista por la Resolución Conjunta del Congreso de 1°. de mayo de 1900, de acuerdo con la cual se les prohibe poseer o controlar tierras en exceso de 500 acres; y que la otra querellada solicitó y obtuvo licencia para hacer negocios en Puerto Rico, aceptando y sometiéndose a tal limitación; y que en violación de la citada Resolución Conjunta y de sus cartas constitutivas, dichas tres entidades, por medio de un plan común, formado y llevado a efecto con el propósito de violar la ley, controlan y poseen unos 23,800 acres de terrenos. Se alega también en la querella que la Fajardo Sugar Growers' Association es subsidiaria de The Fajardo Sugar Co. of Puerto Rico; y que esta última es la verdadera dueña de dichas tierras. La simple lectura de

la querella es suficiente para convencernos de que la acción pendiente afecta el título y el derecho de posesión de las propiedades inmuebles con respecto a las cuales se ha anotado el aviso de *lis pendens*. El querellante tiene por tanto derecho a que el aviso de acción pendiente permanezca anotado en el Registro hasta la terminación del litigio, o sea hasta que se determine por sentencia de esta corte si las querelladas tienen un título válido o si tienen derecho a continuar poseyendo y controlando 23,800 acres de terreno no obstante la prohibición estatutaria.

No encontramos justificada la diferencia que trata de establecer la promovente en favor de aquellas propiedades que alega fueron adquiridas por ella con posterioridad a las citadas leyes número 33 y 47 de 1935. Cuando las tres querelladas fueron organizadas y obtuvieron licencia para hacer negocios en esta Isla, ya regían en ella la Resolución Conjunta de 1°. de mayo de 1900, la ley de 1°. de marzo de 1902 estableciendo los procedimientos de *Quo Warranto* (Leyes de 1902, p. 305, Comp. 1319–1327) y la ley de 9 de marzo de 1911 titulada Ley para poner en vigor una ley de corporaciones (Leyes de 1911, pág. 93, Comp. 407–471). Y esas leyes bastarían por sí solas para sostener la acción que se ejercita en este procedimiento, de acuerdo con nuestra decisión de junio 4 de 1936.

Creemos innecesario discutir nuevamente las cuestiones levantadas por la promovente en cuanto a la validez y constitucionalidad de las citadas leyes números 33 y 47 de 1935. Esas mismas cuestiones fueron consideradas y resueltas, en cuanto consideramos necesario resolverlas, en la decisión de la moción sobre jurisdicción que dictamos en junio 4 de 1936 (50 D.P.R. 163, 181) y a la cual nos atenemos.

*Por las razones expuestas se declara sin lugar la moción sobre cancelación de las anotaciones del aviso de acción pendiente.*

El Juez Asociado Señor Córdova Dávila no intervino.