ANA E. MARGARIDA VDA. DE ITURREGUI, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN CUARTA, recurrido.

*Número:* O-72-33 *Resuelto:* 27 de marzo de 1974

*Dubón & Dubón, A. Torres Braschi* y *Federico García Veve,* abogados del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El Registrador de la Propiedad de San Juan, Sección IV, denegó la anotación de un aviso de demanda solicitada por la recurrente Ana E. Margarida Vda. de Iturregui por no haberse consignado un comprobante por la cantidad de $973 para completar los derechos de inscripción. En su denegatoria el Registrador observó que la demanda era por daños y perjuicios y que de acuerdo con el Art. 91 del Código de Enjuiciamiento Civil no se podía anotar en el Registro. El Registrador citó en su apoyo el caso de *Escalera* v. *Lokpez,* 63 D.P.R. 227 (1944).

■ El examen que hemos hecho de la cuestión planteada nos convence que debe revocarse la nota recurrida y ordenarse la anotación de aviso de demanda. Es preciso examinar las alegaciones que, en definitiva, son las que definen la causa de acción y determinan la procedencia o no de la anotación del aviso de demanda en el Registro bajo el Art. 91 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 455.

En la demanda se alega que las partes son dueñas de dos fincas que colindan entre sí, estando la de la recurrente a una elevación más baja que la de los demandados, razón por la cual las aguas pluviales discurren, naturalmente, de las fincas de las demandadas sobre la finca de la recurrente a todo lo largo de la colindancia común; que esta situación se varió al construir la demandada Forty Seven Development Corporation una urbanización industrial en su finca alterando la topografía natural de ésta, así como sus niveles y contornos mediante la remoción de tierra en sus partes más altas y el relleno de las más bajas, como consecuencia de estos cambios, se ha variado el curso natural de las aguas pluviales; que la demandada ha construido un alcantarillado pluvial para dar salida a dichas aguas y conducirlas bajo tierra en tuberías de 30 pulgadas de diámetro a descargar por dos puntos directamente sobre la finca de la recurrente, en mayor volumen, impetuosidad y concentración, agravando con ello la servidumbre natural; que debido al nivel más alto a que ha quedado la finca de la demandada y al relleno colocado en la colindancia común, ha quedado un talud de tierra suelta que es arrastrada por la erosión en tiempos de lluvia y arrojada sobre la finca de la recurrente causándole daños que se estiman en $500,000.

La súplica de la demanda incluye los siguientes pedimentos:

1) Declarar que la finca de la recurrente no está sujeta a recibir las aguas pluviales que descienden de la finca de la

demandada a través del alcantarillado pluvial construido en dicha finca.

2) Ordenar a la demandada a tapiar y cubrir las salidas del alcantarillado pluvial y prohibiéndole mediante orden de entredicho permanente a remover dichas cubiertas.

3) Prohibir a la demandada a continuar con la construcción de aquella parte del alcantarillado que aún falta por construir.

4) Ordenar a la demandada Forty Seven Development Corporation a construir a todo lo largo de la colindancia sur un muro de contención que proteja la finca de la recurrente contra derrumbe y desplazamiento del talud de tierra suelta allí existente.

5) Condenar a la demandada a pagar la cantidad de $500,000 por daños y perjuicios.

El Art. 488 del Código Civil expresamente dispone que:

"Los predios inferiores están sujetos a recibir las aguas que, naturalmente, y sin obra del hombre desciendan de los predios superiores, así como la tierra o piedra que arrastran en su curso.

Ni el dueño del predio inferior puede hacer obras que impida esta servidumbre, ni el del superior obras que la agraven." Art. 488 Código Civil, 31 L.P.R.A. sec. 1711.

■ La acción ejercitada por la recurrente es al amparo del derecho que dimana del mencionado Art. 488 y va dirigida, precisamente, a impedir la agravación de la servidumbre por el demandado. En esencia, la recurrente solicita en su demanda que se restrinja el ejercicio del derecho de propiedad del demandado a tenor con las restricciones impuestas por el Art. 488. Es evidente que su reclamación, de vencer en juicio, afectaría el derecho de propiedad de la demandada en la forma en que ellos lo han ejercitado. Es por ello que procede su anotación en el Registro de la Propiedad a tenor con el Art. 91 del Código de Enjuiciamiento Civil.([1]) Dicho

---

([1]) El Art. 91 del Código de Enjuiciamiento Civil lee:

artículo sólo requiere para la anotación de un aviso de demanda que la acción instada afecte el título o el derecho de posesión de un bien inmueble. *Martínez* v. *Registrador*, 101 D.P.R. 308 (1973); y la demanda instada por la peticionaria cumple cabalmente con ese requisito.

 El propósito del Art. 91 es el de dar aviso a futuros adquirentes de la pendencia de un litigio que puede afectar el título o el derecho de posesión de la propiedad, independientemente de que la acción ejercitada pueda o no catalogarse como una personal. *Atiles Moreu* v. *Registrador*, 51 D.P.R. 651 (1937); *Pueblo* v. *Fajardo Sugar Co. of P.R.*, 51 D.P.R. 893 (1937). En esa forma se salvaguardan tanto los intereses del demandante al sujetar la propiedad a la resultancia del pleito, como los intereses de futuros adquirentes que tienen en el Registro de la Propiedad un medio eficaz para conocer la existencia de un litigio antes de adquirir la propiedad en cuestión. Por supuesto, la anotación del aviso de demanda se limita a aquellas partes del pleito que puedan afectar el derecho de propiedad o al derecho de posesión y no se extiende a la acción subsidiaria de daños y perjuicios.

Se dictará sentencia *revocando la nota recurrida y ordenando al Registrador recurrido que practique la anotación del aviso de demanda en lo referente a los primeros cuatro pronunciamientos que se piden y hemos reproducido anteriormente.*

---

"En una acción *que afecte el título o al derecho de posesión de propiedad inmueble,* el demandante, al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción." (Énfasis suplido.) 32 L.P.R.A. sec. 455.