KERMIT CONSTRUCTION CORPORATION, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN SÉPTIMA DE SAN JUAN, recurrido.

Número: O-72-221     Resuelto: 24 de marzo de 1975

584

*Francisco García,* abogado de la recurrente; El Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La demandante-recurrente Kermit Construction demandó ante la Sala de San Juan del Tribunal Superior a Ramírez de Arellano Construction Corp. y Río Grande Developers Corp. mediante escrito conteniendo varias causas de acción, alegando que Ramírez de Arellano le adeudaba ciertas sumas que representaban el balance no pagado en relación con servicios y trabajos de construcción efectuados por la recurrente en el desarrollo de la Urbanización Villas de Río Grande. En la tercera causa de acción, la cual es objeto de este recurso, alega la demandante-recurrente que al encontrarse Ramírez de Are-

llano en dificultades económicas, la recurrente había exigido de aquélla que le garantizara hipotecariamente las sumas adeudadas y/o le traspasara libre de cargas parte de los terrenos sobre los que se construiría la Urbanización ya mencionada, a lo que Ramírez de Arellano había accedido, pero que ésta ahora "niega y rehúsa traspasar el título a la demandante-recurrente y/o garantizar hipotecariamente las sumas adeudadas *o a pagar la deuda contraída por motivo de desarrollo y mejoras efectuadas.*" (Énfasis suplido.) En la súplica de la demanda la demandante-recurrente solicita en síntesis que se condene a Ramírez de Arellano (a) a pagar la suma adeudada y los intereses correspondientes; (b) a pagar cierta suma por daños y perjuicios; o (c) a realizar el traspaso de título y/o a garantizar hipotecariamente la deuda.

Amparándose en lo dispuesto por el Art. 91 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 455, la demandante-recurrente presentó copia de la demanda aludida al Registrador de la Propiedad solicitándole que anotara un aviso de demanda al margen de las inscripciones de dos fincas que describió en la solicitud y en la demanda.

El Registrador denegó la anotación por el fundamento de no ser inscribible una acción en cobro de dinero ni tampoco la promesa de constituir un derecho real sobre un inmueble por participar dichos actos de la naturaleza de un derecho personal y no de un derecho real. Solicita la demandante-recurrente que revisemos la denegatoria del Registrador solamente con respecto a la tercera causa de acción que se expone precedentemente.

La cuestión principal a resolver es si la demanda instada por la demandante-recurrente afecta al título o al derecho de posesión de propiedad inmueble y por tanto susceptible de ser anotada en el Registro de la Propiedad dentro de la autorización del Art. 91 del Código de Enjuiciamiento Civil.

El texto español del Art. 91 no concuerda con el texto inglés del cual proviene, ([1]) pero ya hemos resuelto que la tra-

ducción correcta es la que hicimos en *Manrique de Lara* v. *El Registrador*, 23 D.P.R. 864 (1916), que reza como sigue:

"En una acción que *afecte* al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción." *Manrique de Lara*, supra, págs. 865–866. (Énfasis suplido.)

■ En *Padilla* v. *Registrador*, 39 D.P.R. 532, 539 (1929) dijimos que no se puede precisar del texto del Art. 91 el exacto sentido del verbo "afectar" ni la época o tiempo a que el artículo se refiere. Pero nuestra jurisprudencia ha establecido que el criterio principal que debe informar la determinación de si una acción puede ser objeto de una anotación de aviso de demanda lo es si el título o el derecho de posesión del inmueble sobre el que se pretende anotar quedaría afectado de triunfar la parte promovente en su reclamación, o sea, si el verdadero y principal propósito de la acción es el de obtener una modificación del título o del derecho de posesión. *Martínez* v. *Registrador*, 101 D.P.R. 308 (1973); *Vda. de Iturregui* v. *Registrador*, 102 D.P.R. 161 (1974); *Pueblo* v. *The Fajardo Sugar Co. of P.R.*, 51 D.P.R. 893 (1937); *Atiles Moréu* v. *Registrador*, 51 D.P.R. 651 (1937); *Alvarez et al.* v. *El Registrador*, 24 D.P.R. 427 (1916).

■ Es conveniente señalar que el hecho de que la acción presentada sea una de naturaleza personal, por sí solo, no determina si la anotación de demanda bajo el Art. 91 es proce-

---

(1) El Art. 91 de nuestro Código de Enjuiciamiento Civil fue tomado del Art. 409 del Código de Procedimiento Civil de California, West's Ann. C.C.P., sec. 409. Para un texto similar, véase Idaho Code of Civil Procedure, Título 5, sección 505, Bobbs-Merill, Idaho Code Annotated, 1932, sec. 5-505.

dente. En *Escalera* v. *Lokpez*, 63 D.P.R. 227 (1944), no permitimos que se anotara un aviso de demanda en una acción de daños y perjuicios. En *Olivera* v. *Registrador*, 51 D.P.R. 413 (1937), por el contrario, permitimos anotar una demanda de filiación. En ambos casos la acción era de carácter personal, pero en *Olivera* surgían derechos de propiedad inherentes a la condición de hija natural alegada por la demandante, entre los cuales figuraba el de la herencia, por lo que de triunfar la promovente en su reclamación, quedaba afectado el título de la propiedad en cuestión. *Olivera*, supra, pág. 416.

La acción de la demandante-recurrente en el recurso de autos es una acción personal que va encaminada a un cobro de dinero, aunque en la alternativa solicite el cumplimiento de una alegada promesa verbal de Ramírez de Arellano para garantizar hipotecariamente una deuda existente con una parte incierta de los terrenos desarrollados por la demandante y/o de traspasarle libre de cargas una parte incierta de dichos terrenos. La aludida promesa de garantía o traspaso resulta ser especulativa, vaga e imprecisa. [2] La totalidad de la propiedad sobre la que se pretende hacer la anotación es una finca con una cabida de 37.7737 cuerdas dentro de la cual se están construyendo unas viviendas en solares presumiblemente lotificados pero no segregados aún, y en cuyos terrenos se están llevando a cabo la construcción de calles, aceras, facilidades de agua y de electricidad, y otras obras propias de una urbanización de viviendas. Aun aceptando como ciertos todos los hechos alegados en la demanda, resulta imposible determinar con certeza qué parte de los terrenos aludidos es la que habría de garantizar la deuda o habría de ser objeto del tras-

---

[2] Surge de la propia demanda que tampoco hay certeza en cuanto a la procedencia de las sumas reclamadas; unas constituyen un remanente del precio de trabajos ya facturados que alegadamente son líquidas y exigibles, otras por trabajos alegadamente realizados pero no facturados, y otras por trabajos de naturaleza extraordinaria alegadamente realizados y pendientes de negociación cuyo valor lo estima la demandante en una suma que a su juicio es líquida y exigible.

paso prometido. Una condena obligando al pago de la suma reclamada satisfaría igualmente al reclamante y así lo acepta éste en las alegaciones de la demanda. Tal es la verdadera obligación principal que alegadamente contrajo Ramírez de Arellano. La solicitud de la demandante-recurrente para que éste constituya una obligación hipotecaria para asegurar el cumplimiento de dicha obligación principal, que es de naturaleza personal y no real, es realmente una acción contingente o accesoria que surge por la negativa de la parte demandada a pagar la deuda alegadamente contraída.

En el caso de *Martínez*, ante, se trataba de una promesa de vender, habiendo conformidad en la cosa y en el precio, lo que daba derecho al optante, por disposición del Art. 1340 del Código Civil, a reclamar el cumplimiento del contrato. En el caso de autos, por el contrario, la parte de los terrenos sobre los que se pretende obtener un gravamen o traspaso es de naturaleza indeterminada, por lo que ni siquiera sería posible una acción por cumplimiento específico de contrato. Es aún aplicable lo que dijéramos hace algún tiempo en *Fajardo Sugar Co.* v. *Porrata Doria,* 37 D.P.R. 747 (1928) al efecto de que no puede decretarse el cumplimiento específico a menos que los términos del contrato sean definidos o por lo menos susceptibles de ser así interpretados. En su consecuencia estando el actor imposibilitado de obtener sentencia de cumplimiento específico contra el demandado obligándole a gravar o traspasar una parte cierta de la finca en cuestión con sus mejoras no podemos concluir que la acción vaya encaminada a obtener una modificación jurídica de carácter real, esto es, su finalidad primaria no es la de afectar o alterar el título inscrito de un inmueble. Véase *Pizá Blondet* v. *Tribunal Superior,* 103 D.P.R. 466 (1975).

El aviso de demanda que autoriza el Art. 91 no pasa por el tamiz de la discreción judicial. Es un acto voluntario del demandante, el cual cuando es procedente, ni siquiera

puede ser dejado sin efecto por el demandado mediante la prestación de fianza. Es por ello que los Registradores deben ser exigentes en su calificación asegurándose que de la propia faz de la demanda surja claramente que la acción afecta el título o la posesión de la propiedad que se pretende gravar. Aun en el caso de las anotaciones preventivas de demanda que autoriza el Art. 42 de la Ley Hipotecaria, (³) de las que puede librarse un demandado mediante prestación de fianza, veamos el siguiente comentario del comentarista español Morell que estimamos, por las razones que lo fundamentan, aplicable con mayor razón a los avisos de demanda:

"Dados los efectos de las anotaciones preventivas y la mancha . . . que representan respecto al inmueble o derecho anotado, se comprende que no deban concederse con extrema facilidad, y que la ley exija la presentación de documento que se estime bastante . . . precepto que supone dos requisitos necesarios: uno, la existencia de documento que excluye toda reclamación fundada en contratos verbales, información testifical u otros medios más o menos informales; y otro que el documento sea bastante para obtener la anotación, llevando al ánimo cierta convicción de verdad y de probable éxito, . . . ." Morell, *Legislación Hipotecaria*, 1928, 2da. Ed., T. III, pág. 39.

El Registrador de la Propiedad, por lo tanto, en el descargo de su función de calificación debe analizar en conjunto la demanda presentádale para determinar si la naturaleza de la acción incoada se refiere solo a derechos de obligación sin trascendencia directa real. De permitirse la anotación de un aviso de demanda ante los hechos presentes en el caso de autos, hechos que no presentan con debida certeza que el título de una propiedad inmueble esté afectado, constituiría una liberalización injustificada del procedimiento de aseguramiento de sentencia. Ello se prestaría a la coacción, amenaza y conmi-

---

(³) Véase *Martínez* v. *Registrador*, supra, para una discusión sobre el alcance de la diferencia entre el aviso de demanda a que se refiere el Art. 91 del Código de Enjuiciamiento Civil y la anotación preventiva de demanda provista en el Art. 42 de la Ley Hipotecaria, 30 L.P.R.A. sec. 91.

nación de un deudor mediante una reclamación incierta y vaga que no persiga la obtención o modificación del título de un inmueble, sin que se cumpla con el requisito de prestación previa de fianza; que es garantía esencial para responder al dueño de los daños que puedan irrogársele a consecuencia de una anotación ilegal. La demandante-recurrente tiene a su alcance los remedios que le brinda la Regla 56 de las de Procedimiento Civil de 1958 y la Ley de 1ro. de marzo de 1902, 32 L.P.R.A. secs. 1069 a 1084, para asegurar la efectividad de la sentencia que en su día podría obtener a su favor, previa la prestación de fianza. Véanse *Pizá Blondet* v. *Tribunal Superior*, supra; *Suárez Martínez* v. *Tribunal Superior*, 85 D.P.R. 544, 550 (1962).

*Por los motivos expresados se confirmará la nota del Registrador recurrido.*