Opinión disidente emitida por la
Juez Asociada Señora Ro-dríguez Rodríguez,
a la que se unen el
Juez Presidente Señor Hernández Denton y la Jueza Asociada Señora Fiol Matta.
Discrepo de la determinación que hoy anuncia este Tribunal. Entiendo que la conclusión a que llega una ma-yoría del Tribunal en el recurso gubernativo que nos ocupa es errónea en Derecho e incompatible con nuestro reciente dictamen en Linden Development v. De Jesús-Ramírez, 175 D.P.R. 647 (2009).
Los hechos en este caso son sencillos y se encuentran adecuadamente resumidos en la opinión mayoritaria, por lo que es innecesario reiterarlos.
I
En este caso, el Registrador de la Propiedad (Registra-dor), correctamente, se negó a inscribir una anotación pre-ventiva de demanda por entender que para ello era nece-sario obtener una orden judicial, ya que la titular registral de la propiedad era una sociedad especial y quien compa-recía a procurar la anotación era uno de los socios de la sociedad especial en su carácter personal. El recurrido ar-guye que por no tener la sociedad especial una personali-dad jurídica separada a la de sus socios, él no necesitaba una orden judicial para anotar el pleito pendiente.
Hoy, este Tribunal parece concluir que no existe una personalidad jurídica completamente independiente entre la sociedad especial y sus socios, por lo que estos últimos *882 pueden comparecer a realizar ciertas acciones encamina-das a salvaguardar los derechos de la sociedad. Entre las acciones que puede ejercitar un socio, en beneficio de la sociedad, se encuentra la solicitud de anotación preventiva de demanda sin una orden judicial. Sin apoyo jurídico, la mayoría concluye: “No cabe duda de que el socio, en repre-sentación de la sociedad especial, en este caso puede com-parecer al Registro de la Propiedad y solicitar que se prac-tique la anotación preventiva de demanda sin una orden y un mandamiento judicial.” Opinión del Tribunal, pág. 877. La conclusión a que llega la mayoría, como habremos de ver, no tan sólo es contraria a lo que hemos dispuesto res-pecto a las sociedades especiales, sino que también es con-traria a lo que hemos sostenido y exige la propia Ley Hi-potecaria y del Registro de la Propiedad (Ley Hipotecaria) sobre cuándo procede dispensar de una orden judicial para inscribir en el Registro de la Propiedad una anotación pre-ventiva de demanda.
Aun cuando somos conscientes de que este resultado pu-diera ser simpático de acuerdo con los hechos en este caso, lo consideramos erróneo y en contraposición a lo que ha sido, hasta ahora, el estado de Derecho vigente.
II
La Opinión del Tribunal acertadamente señala que con-forme el Art. 113 de la Ley Hipotecaria, 30 L.P.R.A. see. 2402, para que el Registrador inscriba una anotación pre-ventiva de demanda es necesaria una orden judicial, salvo que la acción se funde en un derecho real inscrito por quien solicita la anotación y se presente en el Registro copia cer-tificada de la demanda. En los casos en que el anotante no posea un derecho real previamente inscrito, se requerirá una orden judicial que instruya al Registrador a realizar la anotación. Como sabemos, con la anotación preventiva de demanda se pretende salvaguardar derechos reales que *883 afecten a una finca y, como asiento provisional, asegura transitoriamente ciertos derechos.
A pesar de lo anterior, la mayoría pasa a concluir que lo que se requiere para darle curso a la anotación preventiva no es ya que la acción instada se fundamente en un derecho real inscrito de quien la solicita, sino meramente que la acción instada afecte el título de una propiedad inmueble. A esos efectos la mayoría apunta: “El punto neurálgico del análisis estriba en determinar si la acción entablada afecta el título de una propiedad inmueble; esto es, si la acción va encaminada a obtener una modificación jurídica de carác-ter real y su finalidad primaria es afectar o alterar el título inscrito del inmueble.” (Enfasis en original.) Opinión del Tribunal, págs. 872-873. Para esta modificación de la norma, a mi juicio de efectos trascendentales debido a su elasticidad, no se ofrece apoyo jurídico más allá de la ex-presión misma de la mayoría. No puedo estar de acuerdo con este proceder.
Nuestra interpretación del Art. 113 de la Ley Hipoteca-ria no es, como señala la mayoría, “una interpretación iló-gica” del artículo analizado sino, más bien, un intento de rechazar “una liberalización injustificada” (Kermit Const. Corp. v. Registrador, 103 D.P.R. 583, 589 (1975)), del pro-cedimiento de anotación preventiva de demanda sin una orden judicial. Nuestra postura es la única que es cónsona con nuestros pronunciamientos anteriores, además de ser la única que respeta el lenguaje de la ley. En Banco Central y Economías v. Registrador, 111 D.P.R. 773, 777 (1981), indicamos que la anotación preventiva de demanda sin in-tervención judicial constituye “[la] excepción a la regla general que exige la intervención de un tribunal”, por lo que su interpretación tiene que ser restringida. Aseveramos que “hermenéuticamente, siendo una excepción, la misma necesariamente debe interpretarse en forma limitada, máxime cuando la excepción de ley versa sobre una mecá-nica procesal que tiende a gravar la finca objeto de la *884 misma y que ha cobrado hoy, en nuestro medio forense, una vital importancia en la efectividad de los créditos”. (Énfasis nuestro.) íd., pág. 778.
Por otro lado, la opinión mayoritaria, sin discutir sus-tantivamente la normativa relativa a la sociedad especial, parece concluir que no existe una personalidad jurídica completamente independiente entre la sociedad y sus so-cios, y que como consecuencia, éstos pueden comparecer a realizar ciertas acciones encaminadas a salvaguardar los derechos de la sociedad, incluso la que nos ocupa. Especí-ficamente, se señaló en la opinión: “Los socios, como miem-bros de la sociedad especial tienen derecho a utilizar todas las herramientas del ordenamiento jurídico para proteger el haber social, el cual ha sido aportado por ellos.” Opinión del Tribunal, pág. 878.(1) Como resultado de ello, se le or-denó al Registrador que inscribiera la anotación preven-tiva de demanda presentada para inscripción en este caso.
Disiento de este curso de acción porque entiendo que es de todo punto incompatible con nuestros recientes pronun-ciamientos en Linden Development, ante, e implica apar-tarnos de la norma claramente establecida en Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33 (1982). Asumir la posición de la mayoría necesariamente conlleva desatender el hecho de que la sociedad en nuestro ordena-miento posee una personalidad jurídica independiente a la de sus socios.
Primero, en Santa Bárbara Co. resolvimos que ante una reclamación a la sociedad por alguna obligación, ésta res-ponderá en primer lugar con todo su patrimonio, y de éste no ser suficiente, los socios responderán en su carácter personal, subsidiaria y mancomunadamente de las obligacio-nes de la sociedad. Ello así pues, como sabemos, es un prin-cipio establecido en el derecho civil que la sociedad es *885 un ente jurídico separado de sus socios, el cual puede tener, y comúnmente tiene, un patrimonio individual distinto al de sus socios.
Esta conclusión, sin embargo, no desdibuja la persona-lidad jurídica distinta de la sociedad con respecto a sus socios. Cuando en Santa Bárbara Co., aludimos a que am-bos no tienen una personalidad jurídica completamente in-dependiente, nos referimos a la anomalía de que a pesar de que son personas jurídicas distintas, los socios, en algunas ocasiones, responderán por las obligaciones de la sociedad.
No podemos extrapolar dichas aseveraciones a otros contextos, como lo son las facultades que confiere la Ley Hipotecaria a titulares de derechos reales en ciertas circunstancias. Es por ello que estimo errado el curso tra-zado por la mayoría. En el contexto del Registro de la Pro-piedad, no debe haber duda de que la sociedad y sus socios son dos personas jurídicas independientes. Ciertamente, por ser una ficción jurídica, la sociedad actuará a través de sus socios. Pero en dichos casos, los socios actuarán en re-presentación de la sociedad y no en su carácter individual.
Es ahí donde reside el problema de fondo de la ponencia. En este caso, el señor Quiñones Reyes presentó una copia certificada de una demanda en la cual en su carácter personal reclamó a su socio en la sociedad especial por alega-dos malos manejos con los haberes sociales. Cuando el Re-gistrador observó el epígrafe de la demanda y lo comparó con la finca en cuestión procedió, naturalmente, a denegar el asiento, pues el señor Quiñones Reyes no tenía derecho inscrito alguno a su favor en la finca.(2) Este proceder es correcto, ya que la ley es clara en que la excepción es para aquellos casos en que la demanda se refiere a un derecho *886 inscrito. La vía que tenía disponible el señor Quiñones para mantener el status quo de la finca era acudir al Tribunal de Primera Instancia y solicitar una orden a esos efectos.
Además, las expresiones y conclusiones de este Tribunal hoy son difíciles de reconciliar con nuestros pronuncia-mientos en Linden Development, obviados por el Tribunal. En Linden Development nos expresábamos sobre la socie-dad de responsabilidad limitada y las consecuencias de no renovar su inscripción en el Registro de Sociedades de Res-ponsabilidad Limitada del Departamento de Estado. Apun-tamos que la sociedad civil “es producto de la convención pues para surgir requiere la existencia de un contrato”. Además, indicamos que, “[c]on su otorgamiento, el contrato de sociedad da lugar a la creación de una persona jurídica distinta a los socios, con un patrimonio separado com-puesto por los bienes, dinero o industria aportado por éstos”. (Énfasis nuestro.) Ello no es incompatible con el he-cho de que, vía excepción, los socios puedan responder de las obligaciones de la sociedad cuando “los haberes de ésta no alcancen a cubrirlas”, tal y como resolvimos en Santa Bárbara Co., ante.
Esta excepción, que opera de manera subsidiaria cuando los bienes de la sociedad son insuficientes para cu-brir las obligaciones de la sociedad, no derrota el postulado básico de que con el contrato de sociedad se da paso “a la creación de una persona jurídica distinta a los socios...”. De lo contrario, la excepción derrotaría o haría ineficaz la regla general. Nuestra interpretación de Santa Bárbara Co. y de Linden Development no es absurda ni ilógica, sino, por el contrario, es la que se ajusta a la naturaleza misma de la sociedad civil según dispone la doctrina y nuestra reciente jurisprudencia. Es decir, es una interpretación conforme a derecho.
Por otro lado, sostenemos que darle curso a la posición de la mayoría implicaría resucitar solapadamente la figura *887 del aviso “lis pendens”, mediante la cual se lograba la ano-tación de un pleito con la mera presentación de una copia certificada de la demanda ante el Registrador. En Rocafort v. Álvarez, 112 D.P.R. 563, 569 (1982), al descartar su con-tinuada vigencia en nuestro ordenamiento, catalogamos al lis pendens como una figura de inferioridad técnica y subs-tantiva en comparación con la anotación preventiva de demanda. Véase, además, Padilla v. Registrador, 39 D.P.R. 532, 539 (1929).
El profesor Mojica Sandoz, en su tratado de Derecho hipotecario, nos señala que el lis pendens no es una figura aceptable en nuestro ordenamiento registral. “ ‘Y es que una medida cautelar de lis pendens o anotación preventiva de demanda respecto a la propiedad de bienes inmuebles o la constitución, declaración, modificación, o extinción de cualquier derecho real, debe estar rodeada de ciertas ga-rantías que impidan la promoción ad libitum muchas veces caprichosa o interesadamente perturbadora de pleitos cuya sola existencia sustrae las fincas del comercio inmobiliario con grave perjuicio de la contratación general y de la eco-nomía del país.’ ” L. Mojica Sandoz, Derecho Hipotecario de Puerto Rico, San Juan, Publicaciones JTS, págs. 61-62, ci-tando a D.A. Aguirre, Proyecto de Ley Hipotecaria, San Juan, Departamento de Justicia, 1961, págs. 45-46.
Por las razones previamente expresadas, disiento de la opinión que hoy se dicta. Soy del criterio, al igual que el Registrador de la Propiedad, que para anotar preventiva-mente la demanda en este caso era imprescindible una or-den judicial que así lo ordenara. En consecuencia, confir-maría la denegatoria de inscripción.

 Esta expresión, hecha al margen del contenido del contrato de sociedad, deja la puerta abierta a que cualquier socio pueda realizar actos en el Registro de la Propiedad y, en otras instancias, siempre que éstos constituyan un uso de “todas las herramientas del ordenamiento jurídico para proteger el haber social”.

 Valga aclarar que el hecho de que el señor Quiñones Reyes inste un pleito que incluye reclamaciones relacionadas con su condición de socio de Punta del Mar Village, S.E., no implica que dicha sociedad sea parte en el referido pleito, como parece concluir la mayoría. Como claramente surge del epígrafe de la demanda, la parte demandante en el presente pleito es el señor Quiñones Reyes quien, aunque comparece como socio de Punta del Mar Village, S.E., no lo hace en representación de dicha sociedad especial.